[789 NYS2d 421]

In the Matter of JAY R. KOLMAR, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 15, 2005

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Sherry K. Cohen* of counsel), for petitioner.

*Michael S. Ross* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Jay R. Kolmar was admitted to the practice of

law in the State of New York by the Second Judicial Department on June 20, 1984 and, at all times relevant to this proceeding, maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation from the practice of law based upon his inability to successfully defend himself against charges of professional misconduct pending before the Committee. The Committee had opened a sua sponte investigation, on or about October 13, 2004, as the result of a disclosure by respondent, formerly a partner of Kelley Drye & Warren, LLP, of various acts of professional misconduct.

Respondent, in his affidavit of resignation dated November 30, 2004, acknowledges that he is guilty of professional misconduct in connection with his billing practices, insofar as he made misrepresentations to his law firm regarding requests for, and receipt of, various reimbursements from petty cash for work related expenses. Respondent states that his misuse of the firm's petty cash extended over approximately 10 years, and that the disbursements were requested in small increments, typically $250, for the alleged purpose of facilitating real estate closings. Respondent claims that the total amount given to him for such purposes is $161,383, the substantial part of which was used for personal matters, and that he has repaid all of the money improperly withdrawn.

Respondent took a leave of absence from his firm in June 2004, soon after the firm learned of the matter, and formally resigned on October 26, 2004. Respondent has not engaged in the practice of law since October 22, 2004. A review of respondent's affidavit of resignation reveals that it comports with the requirements of 22 NYCRR 603.11 in that it states there is a pending disciplinary investigation against him based on allegations of professional misconduct, that if charges were predicated upon the misconduct under investigation he could not successfully defend himself on the merits, that his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware his name will be stricken from the roll of attorneys.

Accordingly, the Committee's motion should be granted and respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York.

Saxe, J.P., Friedman, Sullivan, Nardelli and Williams, JJ., concur.

Respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to November 30, 2004.